Filing # 250982394 E-Filed 06/23/2026 11:19:13 AM

IN THE CIRCUIT COURT OF THE 12TH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

LAURA OTTO,

                                    CASE NO.:

    Plaintiff,

vs.

HOBBY LOBBY STORES, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff LAURA OTTO through undersigned counsel, sues Defendant

HOBBY LOBBY STORES, INC., hereinafter ("HOBBY LOBBY"), and alleges as

follows:

This is an action for unlawful disability discrimination in violation of Title

III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"),

and 28 C.F.R. Part 36, and a violation of Florida's Deceptive and Unfair Trade

Practices Act ("FDUPTA") §501.211. Plaintiff is seeking injunctive relief,

attorney's fees, declaratory judgment, monetary damages, costs, litigation

expenses, and any other relief this Court finds just.

## PARTIES AND VENUE

1. Plaintiff is a resident of Manatee County, Florida and is *sui juris*.

1

2. Plaintiff is legally blind and is a handicapped person. She is a member of a protected class of individuals under the ADA, under 42 U.S.C. § 12102(1)-(2), and under 28 CFR §§ 36.101 *et seq.*

3. Plaintiff cannot navigate websites without screen-reading software which allows her to read website content using her computer. Many blind people have limited vision, while others have no vision at all. The terminology "blind" or "visually impaired" refers to the legal definition of blindness. This means a visual acuity with correction of less than or equal to 20 x 200.

4. Plaintiff uses a computer program called "JAWS," or Job Access With Speech, to communicate with company websites. The screen reading software uses auditory cues to allow a visually impaired user to effectively navigate websites. The screen reader will list several auditory cues to the user, which allows them to listen in turn and respond accordingly with their keyboard.

5. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purposes of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their respective and associated websites are in compliance with the ADA and any other applicable disability laws,

2

regulations, and ordinances.

6. Defendant HOBBY LOBBY is a OK corporation and their principal place of business is 7701 S.W. 44TH STREET OKLAHOMA CITY, OK 73179. Their registered agent name and address is CORPORATION SERVICE COMPANY 1201 HAYS STREET TALLAHASSEE, FL 32301-2525.

7. Defendant was conducting business in this jurisdiction at the time of the incident. Defendant operates, https://www.hobbylobby.com/ hereinafter ("Website" or "the Website"). On the Website, Defendant advertises, offers their products and/or services, and operates in Florida.

8. Defendant's Website, and its goods and/or services offered, are a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

9. Venue is proper in this jurisdiction because all actions, injuries, and damages happened in this County. Defendant does a substantial amount of business in this County. Venue is proper under where the cause of action accrued, which is in this County and meets the requirements of Fla. Stat. Ann. § 47.051. Plaintiff attempted to navigate the subject Website within this County.

3

## JURISDICTION

10. This Court has subject-matter jurisdiction over this action under Fla. Stat. Ann. § 26.012, as Plaintiff's claims are above $50,000/are equitable in nature. As the claims are equitable, under 26.012(2)(c) and 26.012(3) this court can hear this action. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§2201 and 2202, as well as actual damages pursuant to §501.211.

11. Defendant is subject to personal jurisdiction in this county through Fla. Stat. Ann. § 48.193. Defendant has been and is committing the acts or omissions alleged herein in the state of Florida that caused injury and violated rights the ADA prescribes to Plaintiff. A substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this County: Plaintiff has been denied the full use and enjoyment of the facilities, goods and services offered to the general public, on Defendant's Website in this County, as well as has dealt with unfair or deceptive acts or practices in the conduct of commerce.

12. These access barriers that Plaintiff encountered have caused a denial of Plaintiff's full and equal access and now deter Plaintiff on a regular basis from accessing the Defendant's Website in the future.

4

"2026CA001531AX" 250982394 Filed at Manatee County Clerk 06/23/2026 11:19:12 AM EDT

## FACTUAL BACKGROUND

13. Starting on June 17, 2026, Plaintiff attempted on a number of occasions to utilize the Website to browse through the differing towel options and other online offers to educate herself and learn about the brick-and-mortar locations, to check store hours, to check pricing with the intent to make a purchase through the Website or in, from, and through the physical store location. Plaintiff was met with several accessibility errors that prevented her from being able to complete the purchase. Plaintiff was interested in the site both in her individual capacity as well as her role as an ADA tester in seeing if the website contained accessibility errors for her and similarly situated individuals. She still intends to re-visit the website once the accessibility errors are removed to make the purchase.

14. Plaintiff intended to purchase the Bright Striped Towel. The style, design, and price offered by Defendant is not available anywhere else. Plaintiff tried several times to access Defendant's website to make this specific purchase but was met with accessibility errors each time. Plaintiff will revisit the site on October 20, 2026, and attempt to use the site again at that time.

15. Defendant's website offers features which should allow all consumers

5

to access the goods and services offered by Defendant. This website forms a nexus between online services and the Defendant's brick and mortar place of public accommodation.

16. Plaintiff has been denied the full enjoyment of the facilities, goods and services of https://www.hobbylobby.com/, ("The Website" or "Website") as well as deprived of the opportunity to enjoy the facilities, goods and services of Defendant's brick and mortar location, as a result of accessibility barriers on The Website.

17. Plaintiff encountered multiple access barriers that denied her full and equal access to the facilities, goods and services offered by Defendant to the public. Plaintiff was thus, among other things, unable to: learn about store location, hours and contact information, determine prices and other information from the Website.

18. Accessibility issues encountered by Plaintiff when visiting the Defendant's website are the following (and not limited to):

    a. Alt text should not be a meaningless image file name.

    b. Alt text should not contain placeholders like 'picture' or 'spacer'.

    c. ARIA control has no label.

    d. ARIA role=button element contains no text and has no

6

accessible name.

19. Because the Website allows the public the ability to secure information about the locations of Defendant's physical locations, to use their goods or services made in and also available for purchase in, from, and through the physical locations, the Website has a nexus to, and is an extension of and gateway to, the goods, services, privileges, and advantages of Defendant's physical locations, which are places of public accommodation under the ADA. As an extension of and service, privilege, and advantage provided by a place of public accommodation as defined under the ADA, the Website is an extension of the services, privileges, and advantages made available to the general public by Defendant at and through its brick-and-mortar locations and businesses.

20. As the Website is a necessary service, privilege, and advantage of Defendant's brick-and-mortar locations that must comply with all requirements of the ADA, it must not discriminate against individuals with visual disabilities, and also must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages afforded the non-visually disabled public both online and in the physical locations.

7

21. At all times material hereto, Defendant was and still is an organization owning, operating, and/or controlling the Website. Since the Website is open to the public through the internet, by this nexus the Website is an intangible service, privilege, and advantage of Defendant's brick-and-mortar locations that must comply with all requirements of the ADA, must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages as are afforded the non-visually disabled public both online and in the physical locations. As such, Defendant has subjected itself and the Website to the requirements of the ADA.

22. Plaintiff is and/or has been a customer who is interested in patronizing and intends to access the Website in the near future once the Website's access barriers are removed or remedied.

23. For Plaintiff, like millions of other visually impaired and blind individuals, finds traveling outside of her home is often a difficult, hazardous, frightening, frustrating, and a confusing experience. Defendant has not provided its business information in any other digital format that is accessible for use by blind and visually disabled individuals using screen reader software.

8

24. The fact that Plaintiff could not communicate with or within the Website left her feeling isolated, frustrated, and humiliated, and gave her a sense of segregation, as she is unable to participate in the same shopping experience, with the same access to the goods and services as provided at the Website and in the physical locations as the non-visually disabled public.

25. As there is a nexus between Defendant's physical location and the Website, and the fact that the Website clearly provides support for and is connected to Defendant's location for its operation and use, the Website is an intangible service, privilege, and advantage of Defendant's brick-and-mortar locations that must comply with all requirements of the ADA. Therefore, is must not discriminate against individuals with disabilities, and must not deny those individuals the same full and equal access to and enjoyment of the goods, services, privileges, and advantages as afforded the non-visually disabled public both online and in the physical locations, which are places of public accommodation subject to the requirements of the ADA.

26. Defendant has been aware of the need to provide full and equal access to all customers that use the Website.

9

"2026CA001531AX" 250982394 Filed at Manatee County Clerk 06/23/2026 11:19:12 AM EDT

27. Defendant has been aware of the barriers to effective communication within the Website that prevent visually impaired and blind individuals from comprehending information presented therein.

28. Defendant has not provided full and equal access to enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through the Website and the physical locations in contravention of the ADA.

29. Public accommodations under the ADA must ensure that their places of public accommodation provide effective communication for all members of the general public, including individuals with visual disabilities such as Plaintiff.

30. The purpose of the ADA is to provide an equal opportunity for individuals with disabilities to participate in all aspects of American civic and economic life. That mandate extends to internet e-commerce websites such as the Website at issue in the instant action.

31. The barriers that exist on the Website resulted in discriminatory and unequal treatment to individuals with visual disabilities, including Plaintiff.

32. Notice to Defendant is not required because of Defendant's failure to cure the violations.

10

33. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§2201 and 2202.

### COUNT I – VIOLATION OF THE ADA – 42 U.S.C. § 12182 *et seq.*

34. Plaintiff re-alleges paragraphs 1 through 33 as if set forth fully herein.

35. Pursuant to 42 U.S.C. §12181(7)(B), Defendant is a public accommodation under the ADA and thus is subject to the ADA.

36. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

37. Pursuant to 42 U.S.C. §12181(7)(B) and 42 U.S.C. § 12182(a), the Website is covered under the ADA because it provides the general public with the ability to locate and learn about Defendant's physical locations, to purchase services and goods that are made in and also available for purchase in, from, and through the physical locations. The Website thus is an extension of, gateway to, and intangible service, privilege, and advantage of Defendant's physical locations. Further, the Website serves to augment Defendant's physical

11

"2026CA001531AX" 250982394 Filed at Manatee County Clerk 06/23/2026 11:19:12 AM EDT

locations by providing the public information about the locations and by educating the public as to Defendant's available products and services sold through the Website and in, from, and through the physical locations.

38. Under Title III of the ADA, 42 U.S.C. §12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

39. Specifically, under Title III of the ADA, 42 U.S.C. §12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

40. In addition, under Title III of the ADA, 42 U.S.C. §12182(b)(2)(A)(III), unlawful discrimination includes, among other things, "a failure to take

12

such steps, as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

41. Defendant's Website does not comply with the WCAG guidelines as cited in this Complaint. The World Wide Web Consortium, aka W3C, has published version 2.2 of the Web Content Accessibility Guidelines ("WCAG 2.2"). WCAG 2.2 are well-established guidelines for making websites accessible to blind and visually-impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure their websites are accessible.

42. Defendant's non-compliant Website denies blind and visually impaired individuals full and equal access to, and enjoyment of, the goods, information, and services that Defendant has made available to the public on the Website and in the physical locations in violation of 42 U.S.C. §12101, *et seq*, and as prohibited by 42 U.S.C. §12182, *et seq*.

13

"2026CA001531AX" 250982394 Filed at Manatee County Clerk 06/23/2026 11:19:12 AM EDT

43. Defendant has made insufficient material changes or improvements to the Website to enable its full and equal use and enjoyment by, and accessibility to, blind and visually disabled persons such as Plaintiff.

44. Violations may be present and on other pages of the Website, which can and will be determined and proven through the discovery process in this case.

45. There are readily available, well-established guidelines on the internet for making websites accessible to the blind and visually disabled. These guidelines have been followed by other large business entities in making their websites accessible. An example of such guidelines includes, but is not limited to, adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating such a basic component to make the Website accessible would neither fundamentally alter the nature of Defendant's business nor would it result in an undue burden to Defendant.

46. Defendant has and continues to violate the ADA by denying access to the Website by individuals such as Plaintiff with visual disabilities who require the assistance of screen reader software to comprehend and access internet websites. These violations within the Website are ongoing.

14

47. The ADA requires that public accommodations and places of public accommodation ensure that communication is effective.

48. According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services include "voice, text, and video-based telecommunications products and systems". Indeed, 28 C.F.R. §36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

49. According to 28 C.F.R. §36.303(c), public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities: "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

50. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations, and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

15

"2026CA001531AX" 250982394 Filed at Manatee County Clerk 06/23/2026 11:19:12 AM EDT

51. As alleged hereinabove, the Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication and thus violates the ADA.

52. As a direct and proximate result of Defendant's failure to provide an ADA compliant Website, with a nexus to its brick-and-mortar locations, Plaintiff has suffered an injury in fact by being denied full and equal access to, enjoyment of, and communication with Defendant's Website and its physical locations.

53. Because of the inadequate development and administration of the Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and 28 C.F.R. §36.303, to remedy the ongoing disability discrimination.

54. This Court is vested with the authority to grant Plaintiff appropriate and necessary injunctive relief.

55. Plaintiff is entitled to recover her reasonable attorney's fees, costs, and expenses pursuant to the ADA. To that end, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendant for the following relief:

16

"2026CA001531AX" 250982394 Filed at Manatee County Clerk 06/23/2026 11:19:12 AM EDT

a. A permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., and the laws of Florida;

b. A permanent injunction requiring Defendant to take all the steps necessary to make its website fully compliant with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c. A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, and the laws of Florida;

d. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e. Such other and further relief as this Court deems just and proper.

## COUNT II
### Fla. Stat. § 501.211

56. Plaintiff re-alleges paragraphs 1 through 33 as if set forth fully herein.

"2026CA001531AX" 250982394 Filed at Manatee County Clerk 06/23/2026 11:19:12 AM EDT

57. Defendant's site contains an accessibility statement that is deceptive as it advertises to the public that their site is accessible when they are not. Plaintiff is not seeking only injunctive relief and not actual damages.

58. Defendant has violated the Florida Deceptive and Unfair Trade Practices Act. ("FDUTPA"). The FDUTPA makes it unlawful to engage in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1).

59. Additionally, "[C]overage [under FDUTPA] is 'extremely broad.' " *Harris v. Nordyne, LLC*, No. 14-CIV-21884-BLOOM/Valle, 2014 WL 12516076, at *6, 2014 U.S. Dist. LEXIS 189248 (S.D. Fla. Nov. 14, 2014). Trade or commerce is interpreted as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. § 501.203(8). Further, this definition describes "the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity." *Id.* Moreover, FDUTPA applies to even a single deceptive or unfair act "involv[ing] only a single party, a single transaction, or a single contract." *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*,

18

"2026CA001531AX" 250982394 Filed at Manatee County Clerk 06/23/2026 11:19:12 AM EDT

842 So. 2d 773, 777 (Fla. 2003). "[A]nyone aggrieved by a violation of [FDUTPA] may bring an action to obtain a declaratory judgment that an act or practice violates [FDUTPA] and to enjoin a person who has violated, is violating, or is otherwise likely to violate [FDUTPA]." Fla. Stat. § 501.211(1).

60. FDUPTA practices are considered unfair if they offend established public policy, are immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1098 (11th Cir. 2021). "Whether particular conduct constitutes...an unfair or deceptive trade practice [under FDUTPA] is a question of fact" for the jury. *Siever v. BWGaskets, Inc.*, 669 F. Supp. 2d 1286, 1293 (M.D. Fla. 2009).

61. Defendant is operating a website that prevents the visually impaired from receiving the same experience as sighted individuals. This is an unfair business practice as it is the selling of a good or service, advertising, soliciting, offering, distributing, in a way that does not allow visually impaired individuals to receive the same offers, values, and experience as sighted individuals.

19

"2026CA001531AX" 250982394 Filed at Manatee County Clerk 06/23/2026 11:19:12 AM EDT

62. Under Fla. Stat. Ann. § 501.21(1), " [ . . .] anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment [ . . .].

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

a. A declaration that Defendant owns, maintains and/or operates its Website in a manner that engages in an unlawful business practice;

b. A permanent injunction to prohibit Defendant from violating the FDUPTA;

c. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

d. Such other and further relief as this Court deems just and proper.

## COUNT III
## DECLARATORY RELIEF

63. Plaintiff repeats the allegations contained in the above as if set forth herein.

64. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that its website contains access barriers denying blind customers the full and equal access to the products, services and facilities of its website, which

"2026CA001531AX" 250982394 Filed at Manatee County Clerk 06/23/2026 11:19:12 AM EDT

Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq.

65. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

a. A permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., and the laws of Florida;

b. A permanent injunction requiring Defendant to take all the steps necessary to make its website fully compliant with the requirements set forth in the ADA, and its implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c. A declaration that Defendant owns, maintains and/or operates its Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§

21

"2026CA001531AX" 250982394 Filed at Manatee County Clerk 06/23/2026 11:19:12 AM EDT

12182, and the laws of Florida;

d.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e.  Such other and further relief as this Court deems just and proper.


Dated: June 23, 2026

**F&S LAW GROUP**
**Counsel for Plaintiff**
*/s/ Andrew Schertzer*
By: Andrew Schertzer, Esq.
Fla. Bar No.: 1044359
712 S. Howard Ave #205
Tampa, FL 33606
248-513-1017
Email: aschertzer@fslawpllc.com

22